THE PEOPLE OF THE STATE OF NEW YORK ex rel. SOUND REALTY COMPANY, Respondent, against GEORGE P. NICHOLSON, as Corporation Counsel of the City of New York, Defendant.

PAUL WINDELS, as Corporation Counsel of the City of New York, Appellant.

(Appeals Nos. 1, 2 and 3.)

THE PEOPLE OF THE STATE OF NEW YORK ex rel. ISAAC LEFKOWITZ, Respondent, against GEORGE P. NICHOLSON, as Corporation Counsel of the City of New York, Defendant.

PAUL WINDELS, as Corporation Counsel of the City of New York, Appellant.

(Appeal No. 4.)

Argued November 15, 1937; decided March 8, 1938.

*Paul Windels, Corporation Counsel (Paxton Blair, Lewis Orgel* and *Samuel K. Handel* of counsel), for appellant. The testimony varying the minutes of the board of trustees of the village of South Mount Vernon ought to have been excluded. (*Tumey* v. *Ohio,* 273 U. S. 510; *People ex rel. Burr* v. *Zeyst,* 23 N. Y. 140; *People ex rel. Regan* v. *York,* 78 App. Div. 432; 174 N. Y. 533; *Matter of Carlton Street,* 16 Hun, 497; *Matter of City of Buffalo,* 78 N. Y. 362; *Spalding* v. *City of Lebanon,* 156 Ky. 37; *Campbell* v. *Hackensack,* 115 N. J. L. 209.) When inadmissible testimony is excluded, there is a total failure to show either an express or an implied dedication

and acceptance of the streets in question. (*Matter of City of New York* [*East 177th St.*], 239 N. Y. 119; *Matter of City of New York* [*Saratoga Ave.*], 226 N. Y. 128; *Nichols Copper Co.* v. *Connolly*, 208 App. Div. 667; 240 N. Y. 596; *People* v. *Underhill*, 144 N. Y. 316; *Stillman* v. *City of Olean*, 228 N. Y. 322; *Matter of Wallace Ave.*, 222 N. Y. 139; *People* v. *Brooklyn & Queens Transit Corp.*, 273 N. Y. 394; *Speir* v. *Town of New Utrecht*, 121 N. Y. 420.)

*Bernard H. Arnold* and *Jean Nelson Penfield* for respondents. It was no error to receive in evidence the oral testimony of trustees of the village of South Mount Vernon to identify documents, confirm and supplement the written minutes of the village. (*Commonwealth* v. *Dill*, 156 Mass. 266; *People ex rel. Minard* v. *Donovan*, 228 App. Div. 596; *Fairchild* v. *Fairchild*, 64 N. Y. 471; *Clover Crest Stock Farms, Inc.*, v. *N. Y. C. M. F. Ins. Co.*, 189 App. Div. 548; *Reynolds* v. *Kelly*, 1 Daly, 283; *Culp* v. *City of New York*, 146 App. Div. 326.) The testimony as to the offer of dedication and acceptance by the village of the streets amply supports the findings of fact and conclusions of law. (*Cook* v. *Harris*, 61 N. Y. 448.) No formal resolution adopting the map of the village of South Mount Vernon prepared by the surveyor, Burrowes, was necessary. No such formality was required of village trustees, and the fact of its acceptance was conclusively established by both documentary and parol evidence. (*Stockwell* v. *Dunckel*, 174 App. Div. 481; *Cook* v. *Harris*, 61 N. Y. 448; *Matter of Hunter*, 163 N. Y. 547; 164 N. Y. 365; *Mangam* v. *Village of Sing Sing*, 26 App. Div. 464; *Driggs* v. *Phillips*, 103 N. Y. 77; *People* v. *Fowler*, 139 N. Y. 621; *City of Cohoes* v. *Delaware & Hudson Canal Co.*, 134 N. Y. 397; *Dreggs* v. *Phillips*, 103 N. Y. 77.)

O'BRIEN, J. Petitioners brought these mandamus proceedings to compel the Corporation Counsel of the city of New York to institute proceedings under chapter

1006 of the Laws of 1895 for the purpose of ascertaining damages due to the discontinuance and closing of Vernon Parkway East, Vernon Parkway North and Osman Place in the borough of the Bronx.

The issue of law is whether the admissible evidence is sufficient to support findings that these ways were ever dedicated and accepted as public streets. They were located on property known as South Vernon Park which was owned by a Mr. Cranford and he regulated, graded and macadamized them. Prior to the annexation of this territory to the old city of New York in 1895, it was included within the village of South Mount Vernon in Westchester county. The name of the village had then been changed to village of Wakefield.

On July 8, 1890, the trustees of the village of South Mount Vernon had adopted a resolution calling for bids " for the surveying and grading of all the streets and avenues of South Mount Vernon * * * with the exception of the Kingsbridge Road," and on July 14, 1890, they adopted a resolution awarding to Richard W. Burrowes the contract for such surveying and grading, the work to be done under the personal supervision of the committee on streets and sidewalks. In conformity with this resolution, Burrowes prepared the map of the village, was paid for it by the village and upon it appears these three streets as well as the other streets within the boundaries of the Cranford property. Although there is no formal resolution directing the filing of this map with the village clerk, there is oral evidence that, after the village had paid the surveyor, it was delivered into the possession of the clerk and used by him. This oral evidence does not contradict anything in the official minutes and we think that it was admissible. Upon this map appears the legend, " Village of South Mount Vernon, R. W. Burrowes C. E. January 1891." There is documentary evidence that, prior to annexation to the city of New York, the trustees of the village caused additional water

hydrants and lights to be installed on several of the streets included within the Cranford property, thus recognizing the streets included within that area and appearing upon the official village map prepared by Burrowes as part of the public street system. Such recognition of those particular streets must be deemed to apply to all the streets in that area which appear upon the village map. All or none were accepted as public streets. After annexation of the village to the city of New York, men employed by the city cleaned Osman Place, Vernon Parkway East and Vernon Parkway North, the three streets involved in this litigation and worked on and repaired many of the streets included within the map of the Cranford property. Prior and subsequent to annexation, Osman Place, Vernon Parkway East and Vernon Parkway North were used by the public for vehicular and pedestrial traffic. In *People* v. *Underhill* (144 N. Y. 316) there was no user; in *Matter of Wallace Avenue* (222 N. Y. 139) the private way never appeared upon an official map; in *Johnson* v. *City of Niagara Falls* (230 N. Y. 77) the map was made and filed by the owner and not through the act of the municipal authorities.

The orders should be affirmed, with costs.

CRANE, Ch. J., LEHMAN, HUBBS, LOUGHRAN, FINCH and RIPPEY, JJ., concur.

Orders affirmed.